

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:22-0218-MGL |
| | § | |
| ARMA VICTOR STRONG, III, | § | |
| | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER
DENYING STRONG'S PRO SE MOTION FOR COMPASSIONATE RELEASE**

---

**I.      INTRODUCTION**

Pending before the Court is Defendant Arma Victor Strong's ("Strong") *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release, filed June 21, 2024. ECF No. 91. Strong contends he is entitled to a reduction in sentence based on his rehabilitation and (1) his need to help care for his grandmother and children; (2) his has asthma and heart issues; and his being stabbed during his incarceration. The government filed a response in opposition to Strong's motion on July 17, 2024. ECF No. 96. Strong filed attachments to his motion on July 26, 2024. ECF No. 100. Having carefully considered the motion, the government's response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Strong was charged pursuant to an indictment on March 15, 2022.  ECF No. 1.  He was charged with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1); possession with intent to distribute a quantity of marijuana, a quantity of cocaine, and a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1), and 841(b)(1)(D) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  On August 10, 2022, the government filed an information pursuant to 21 U.S.C. § 851 notifying Strong he was subject to increased penalties based on prior felony drug convictions.  ECF No. 32.  Strong was granted bond and placed under pretrial supervision on October 6, 2022.

Strong entered a plea agreement on March  23, 2023 in which he pleaded guilty to Count 2 of the indictment.  ECF Nos. 54, 56.  Strong stipulated that he had at least one prior felony drug conviction.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed the appropriate disposition of the case was 120 months of actual incarceration.

On June 28, 2023, the Magistrate Judge issued an arrest warrant upon being apprised of new criminal conduct during Strong's release:

> 1) **New Criminal Conduct**: On June 24, 2023, the defendant was arrested by the Richland County Sheriff's Office (Case No. 2306000524) and charged with Driving Under the Influence, 1st Offense (Warrant No. 20232210033570). The defendant was the subject of a traffic stop after being observed driving 59 miles per hour in a 35 mile per hour zone. The defendant was advised that he was under arrested after a Standard Field Sobriety Test revealed that he was impaired.

> 2) **New Criminal Conduct**: On June 24, 2023, the defendant was arrested by the Richland County Sheriff's Office (Case No. 2306000524) and charged with Assault on a Police Officer while Resisting Arrest (Warrant No. 20232210033571). The defendant was the subject of a traffic stop after being observed driving 59 miles per hour in a 35 mile per hour zone. The defendant was advised that he was under arrest[] after a Standard Field Sobriety Test revealed that he was impaired. The

defendant pulled away from the deputy and pushed off the arresting officer and secondary officer while resisting arrest. The defendant broke away and ran towards the secondary deputy's vehicle. Both deputies pulled out their Tasers while giving the defendant verbal commands, but the defendant did not comply with the deputies' commands.  The defendant then reached towards the Taser of the secondary deputy. The arresting deputy then deployed his Taser to physically control the defendant. The deputies used their bodyweight to restrain the defendant, but the defendant continued to fight the deputies.  A third deputy arrived, and the defendant was placed in handcuffs.

3) **New Criminal Conduct**: On June 24, 2023, the defendant was arrested by the Richland County Sheriff's Office (Case No. 2306000524) and charged with Speeding, Violation of Beginner Permit, and Uninsured Motor Vehicle Fee Violation (Warrant No.'s 20232210033572, 20232210033573, and 20232210033574).  The defendant was the subject of a traffic stop after being observed driving 59 miles per hour in a 35 mile per hour zone. The Beginner Permit Violation and Uninsured Motor Vehicle Fee Violation were discovered during the deputy's interaction with the defendant.

4) **Failure to Abide by the Location Monitoring Guidelines**: On June 23, 2023, the defendant went to the following unauthorized locations after leaving work and prior to his arrest on the above-listed criminal charges: Springtree Apartments located at 250 Springtree Dr., Columbia, SC 29223; Gold Liquor and Wine located at 7228 Parklane Rd. in Columbia, SC 29223; Palmetto Garden Apartments located at 139 Oneil Court, Columbia, SC 29223; and Greenbriar Apartments located at 100 Willow Oak Dr., Columbia, SC 29223. The defendant went between the listed locations during the hours of 6:36 pm and 11:51 pm on June 23, 2023, shortly before his arrest at 12:15 am on June 24, 2023.

ECF No. 63.

Strong's bond was revoked  on June 29, 2023.  ECF No. 68.

The United States Probation Office ("USPO") prepared a presentence investigation report ("PSR") on June 13, 2023, amended July 21, 2023, and August 1, 2023.  ECF Nos. 61, 77, 86. Strong was held accountable for 3.232 grams of cocaine, 27.773 grams of methamphetamine, 0.466 grams of eutylone,[1] and 75.886 grams of marijuana, for a total drug weight equivalent of 56.445

---

[1] "Eutylone is a synthetic cathinone with chemical structural and pharmacological similarities to schedule I and II amphetamines and cathinones such as to 3,4-methylenedioxymethamphetamine (MDMA), methylone, and pentylone."  https://www.deadiversion.usdoj.gov/drug chem_info/

kilograms of marijuana.  Strong's base offense level was 18.  He received a 2-level increase for possessing a firearm, for an adjusted offense level of 20.  Strong was denominated as a career offender.  Accordingly, he received a Chapter Four enhancement to level 34.  Strong received no reduction for acceptance of responsibility.  Strong's total offense level remained at 34.

Strong's criminal history score was 15, for a criminal history category of VI.  Strong's denomination as a career offender did not increase the criminal history category, because VI is the highest sentencing range  Strong's sentencing range pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "sentencing guidelines") was 262 to 327 months.  Strong's statutory custody maximum sentence was 30 years.  Strong also was subject to 6 years of supervised release.

Strong appeared for sentencing on July 27, 2023.  In accordance with the plea agreement, the Court sentenced Strong to incarceration for a period of 120 months, to be followed by a term of supervised release for 6 years.  Judgment was entered on July 27, 2023.  ECF No. 81.  Strong's anticipated release date is September 23, 2031.

## III.     STANDARD OF REVIEW

"When Congress authorized district courts, as a matter of discretion, to release an inmate from prison based on extraordinary and compelling reasons, it did so to introduce compassion as a factor in assessing ongoing terms of imprisonment, authorizing a district court to give greater weight to an inmate's personal circumstances — when sufficiently extraordinary and compelling — than to society's interests in the defendant's continued incarceration and the finality of judgments. Thus, motions for relief under § 3582(c)(1)(A)(i) ask courts to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other." *United*

---

eutylone.pdf (accessed March 14, 2025).

*States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022).

After a defendant has exhausted his administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, United States Sentencing Guidelines (U.S.S.G.) § 1B1.13 contains the applicable policy statement.

Section 1B1.13(b) identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer; (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes by the defendant;
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## IV.     DISCUSSION AND ANALYSIS

Strong exhausted his administrative remedies, as evidenced by his Inmate Request to Staff form to the Assistant Warden of USP-Atwater dated June 16, 2024. ECF No. 97-2 at 3. The request was denied on July 3, 2024. *Id.* at 2; ECF No. 100-1; *see* 18 U.S.C. § 3582(c)(1)(A). The Court turns to the merits of Strong's motion.

The government argues Strong has failed to establish extraordinary and compelling reasons to support his request for release. The Court agrees.

1.     <u>Support for family members</u>. Strong's invocation of health issues suffered by his mother, grandmother, and son fails to rise to the level required to show "extraordinary and compelling reasons" based on family circumstances. Strong provides no evidence his minor child, parent, or grandparent is without or in need of a caregiver, or that Strong is the only available caregiver for a family member. Strong fails to meet the burden of establishing qualifying circumstances under § 1B1.13(b)(3).

2.     <u>Asthma and heart issues</u>. Strong's medical records reveal no abnormal findings that would support any heath issues. He has been advised to seek help during Sick Call for allergies.

ECF No. 97-4.  Strong was advised regarding oral health.  Otherwise, his medical screenings are clean for the entirety of his incarceration.  Strong does not show compassionate release is appropriate for a "serious physical or medical condition" as contemplated by § 1B1.13(b)(1)(B).

       3.       <u>Stabbing</u>.  Strong was examined by health professionals after the stabbing, which took place on April 28, 2024.  The prison records indicate he was assessed:

> for being the victim of a stabbing assault that occurred last night after-medical-hours. Inmate was sent out by ambulance to the ER immediately following the assault. Inmate was treated at DMC where he received CT and XR that were negative. Inmate's stabbing wounds were cleaned and bandaged at the ER and inmate was released the same night. No sutures or staples placed at the ER. Will input ER consultation order for last night's med trip. Inmate complains of generalized pain from the stab wounds, no redness or discharge noted. Received orders to distribute a bottle of tylenol out of night stock to take PRN. Provided inmate with gauze and bandages to change as needed. Counseled inmate on wound care and signs of infection. Advised inmate to contact medical as needed for any changes or worsening of condition.

ECF No. 97-5 at 3.

       Certainly a stabbing is a frightening situation.  Strong was fortunate to suffer no acute distress at the time or permanent injury thereafter.  However, the Court again concludes Strong does not demonstrate a "serious physical or medical condition" compels compassionate release under § 1B1.13(b)(1)(B).

       4.       <u>Rehabilitation</u>.  Rehabilitation alone is not an extraordinary and compelling reason to grant compassionate release, but it "may be considered in combination with other circumstances in determining whether and to what extend a reduction in the defendant's term of imprisonment is warranted." § 1B1.13(d).  Here, Strong's Inmate Discipline Data form shows he only was disciplined for possessing an unauthorized item on November 17, 2023, and for refusing a work assignment on September 14, 2023.  ECF No. 97-3.  That Strong has stayed out of serious trouble in prison supports his contention he is rehabilitated.  However, Strong's Inmate History profile

shows calculations for a high risk of recidivism on October 16, 2023, December 28, 2023, and March 5, 2024. ECF No. 97-1. The Court concludes Strong has not met his burden of showing rehabilitation should be considered in determining whether he is eligible for compassionate release.

5.      § 3553(a) Factors.  Even if Strong did merit consideration for compassionate release, the § 3553(a) factors counsel against granting his motion. Strong received a very favorable sentence under his plea agreement – a term of 120 months compared to a statutory maximum sentence of 360 months and a sentencing guidelines range of 262 to 327 months of imprisonment. Besides the reduction in sentence, the plea agreement provided the government would recommend to the Richland County Solicitor's Office that Strong not be prosecuted for similar crimes or related state crimes stemming from the incident on July 8, 2021. ECF No. 56 at 7. Strong received the benefit of the negotiated plea even though he breached the plea agreement by engaging in new criminal activity while free on bond.

Strong possesses a lengthy criminal history dating back to at least 2006. A number of his offenses were violent in nature, including domestic abuse, firearms offenses, and assaulting a police officer while resisting arrest. Strong's criminal history also recites drug and alcohol offenses. Considering the nature and circumstances of the offense and the history and characteristics of the defendant, the Court finds a reduction in Strong's term of incarceration would not fulfill the goals of sentencing; specifically, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes by the defendant,

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court

Strong's motion for compassionate release, ECF No. 163, is **DENIED**.

       **IT IS SO ORDERED.**

       Signed this 18th day of March, 2025, in Columbia, South Carolina.


                s/ Mary Geiger Lewis
                MARY GEIGER LEWIS
                United States District Judge